IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN DOE, an individual, | ) | No. 34519-0-III |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENTON COUNTY, a municipal | ) | PUBLISHED OPINION |
| corporation in the State of Washington, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| DONNA ZINK and JEFF ZINK, husband | ) | |
| and wife, | ) | |
| | ) | |
| Appellants. | ) | |

LAWRENCE-BERREY, A.C.J. — In 2013 and 2014, Donna Zink made a series of

requests under the Public Records Act (PRA), chapter 42.56 RCW, seeking documents

pertaining to level I registered sex offenders. She made one of these requests to Benton

County (the County), which possessed records identifying the plaintiff in this case, John

Doe, as a level I sex offender. Before the County produced its final installment of

records, which contained John Doe's information, it notified John Doe about Ms. Zink's

request.

No. 34519-0-III
*John Doe v. Benton County*

John Doe filed suit against the County, Ms. Zink, and Ms. Zink's husband to enjoin production of the records identifying him. In their answer, the Zinks asserted a cross claim against the County, claiming it violated the PRA by withholding the requested records to notify John Doe about the request. The trial court dismissed the Zinks' cross claim under CR 12(b)(6), and the Zinks appealed. We affirm.

## FACTS

On July 21, 2013, Ms. Zink submitted a public records request to the County. In it, she sought "the level one [sex] offender registrations filed in Benton County as well as a list of all level one [sex] offenders registered in Benton County."[1] Clerk's Papers (CP) at 352. The County responded to Ms. Zink and informed her the sheriff's office would begin processing her request.

One week later, the County contacted Ms. Zink and indicated the documents she requested were potentially exempt from disclosure under both the "investigative records" and "other statute" exemptions.[2] The County told Ms. Zink it was going to notify the

---

[1] This particular request is not at issue in this case. It is discussed for context.

[2] *See* RCW 42.56.240(1) (exempting investigative records); RCW 42.56.070(1) (exempting information that is protected by an "other statute"); RCW 4.24.550(3) (authorizing and providing guidelines to law enforcement agencies for proactively disseminating information about sex offenders to the public). The County indicated RCW 4.24.550(3) was an "other statute" under the PRA, which potentially exempted release of the records.

2

affected individuals that she had requested their records. It stated the notice would include a copy of her request and her name so that the affected individuals could seek an injunction if they believed the records were exempt. The County stated that absent an injunction, it would release the records.

In response to the County's notices, 14 individuals filed a complaint to enjoin the County from releasing their information to Ms. Zink. Multiple lawsuits were filed, and the trial court entered four permanent injunctions prohibiting the County from releasing the records.

On April 17, 2014, Ms. Zink made another PRA request. She sought "all e-mails sent to or received from anyone or any person in Benton County staff, officials, council members, other agencies . . . concerning [her] requests for sex offender information starting on July 15, 2013 through and including April 17, 2014." CP at 363. This is the request at issue in this case.

Following Ms. Zink's April 17 request, the County began responding in installments. During this process, the County came across names of new individuals whose names were not identified in the initial set of records responsive to Ms. Zink's July 2013 request. By June 2015, the County had e-mailed Ms. Zink 12 installments of responsive records and was close to completing her April 17, 2014 request.

3

On July 1, 2015, the County sent a written notice to 72 new individuals whose identities would be released in its response to Ms. Zink's April 17, 2014 request. The letter notified these individuals that the County had received a request for records that identified them as level I sex offenders. The letter also stated the County did not believe the records were exempt from release, but that it nonetheless was providing notice as permitted by RCW 42.56.540 because the records identified the individuals. The letter stated the County would release the records in their entirety on July 17, 2015, unless it was enjoined from doing so. The County never claimed an exemption for the records associated with these 72 individuals.

John Doe, the plaintiff in this case, received one of these notices. The County possessed roughly five documents that contained his information. On July 16, 2015, he filed suit against both the County and the Zinks, seeking to enjoin the production of any records that identified him. The next day, the trial court issued a temporary restraining order enjoining the County from producing any records whatsoever associated with Ms. Zink's April 17, 2014 request.

The County filed an answer to John Doe's complaint. It stated that it intended to produce the records Ms. Zink requested, and that it believed the records were nonexempt.

4

The Zinks also filed an answer to John Doe's complaint. In it, they asserted a cross claim against the County for alleged violations of the PRA. They claimed the County was withholding the records without an applicable exemption and without providing an exemption log. They further claimed the County did not "need" to notify the John Does, and that it did so to delay or deny release of the requested records. CP at 30. They also claimed the County wrongfully disclosed their contact information to John Doe.

John Doe moved for a preliminary injunction. The County opposed his motion, arguing that the records did not fall under any PRA exemption. The trial court entered an injunction and enjoined the County from releasing any documents responsive to Ms. Zink's April 17, 2014 records request without first redacting John Doe's information. Following the court's injunction, the County produced the responsive records to Ms. Zink with John Doe's information redacted.

On August 26, 2015, the County moved to dismiss the Zinks' cross claim against it under CR 12(b)(6). The trial court concluded that the PRA gives the County the option of notifying third parties of records requests, and that the County did not violate the PRA by exercising that option. The trial court further reasoned that the PRA's penalty and attorney fee provision does not apply when a third party brings an action to prevent disclosure. Accordingly, the trial court dismissed the Zinks' cross claim with prejudice.

In April 2016, our Supreme Court issued its opinion in *John Doe A v. Washington State Patrol*, 185 Wn.2d 363, 374 P.3d 63 (2016). That case involved identical requests for level I sex offender information that Ms. Zink made to the Washington State Patrol and the Washington Association of Sheriffs and Police Chiefs. *Id.* at 367-68. The court held that RCW 4.24.550 is not an "other statute" under RCW 42.56.070. *John Doe A*, 185 Wn.2d at 368. Thus, the court concluded that "level I sex offender registration information is subject to disclosure." *Id.* at 385.

Following the issuance of the mandate from the Supreme Court, the County moved to dissolve John Doe's preliminary injunction and dismiss his complaint. The trial court granted the County's motion. The trial court also unsealed the records identifying John Doe and ordered unredacted copies to be provided to the County and the Zinks.

The Zinks appeal from the trial court's September 2015 order dismissing their cross claim.

## ANALYSIS

### STANDARD OF REVIEW

CR 12(b)(6) allows a defendant to move to dismiss a complaint based on the plaintiff's failure to state a claim on which relief can be granted. When considering a defendant's motion to dismiss under this rule, the court presumes all facts alleged in the

6

plaintiff's complaint are true. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 843, 347 P.3d 487, *review denied*, 184 Wn.2d 1011, 360 P.3d 817 (2015). The court may also consider hypothetical facts conceivably raised by the complaint. *Id.* However, the court is not required to accept the complaint's legal conclusions. *Id.* If the facts in the complaint or hypothetical facts consistent with the complaint are legally insufficient to support the plaintiff's claims, dismissal under this rule is appropriate. *Id.* at 843-44. Because the trial court's ruling on a CR 12(b)(6) motion to dismiss is a question of law, this court reviews the trial court's order de novo. *Id.* at 843.

ALLEGED WRONGFUL DENIAL OF ACCESS TO RECORDS

The Zinks argue that the County violated the PRA by denying them access to the records while it notified John Doe about the request. They also argue the County withheld the records without an applicable exemption and without providing an exemption log. This court reviews an agency's compliance with the PRA de novo. RCW 42.56.550(3).

Within five business days of receiving a records request, an agency must either (1) provide the records, (2) provide an Internet link for the records, (3) acknowledge the request and give a reasonable estimate of time it will need to provide the records, or

7

(4) deny the request. Former RCW 42.56.520 (2010).[3] An agency may produce records on a "partial or installment basis" as it assembles a larger set of requested records. Former RCW 42.56.080 (2005).

A "denial" of a request can occur, for example, when an agency (1) does not have the record, (2) fails to respond to a request, (3) claims an exemption of the entire record or a portion of it, or (4) fails to provide the record after the reasonable estimate expires. WAC 44-14-04004(4).[4] An agency violates the PRA when it wrongfully denies an opportunity to inspect or copy a public record. RCW 42.56.550(1). When an agency withholds a record or part of a record based on an exemption, the agency must explain and justify this withholding in writing, i.e., provide an exemption log. RCW 42.56.070(1); RCW 42.56.210(3); former RCW 42.56.520.

An agency's decision to deny a request becomes final for purposes of judicial review two business days after it initially denies the request. Former RCW 42.56.520; WAC 44-14-08004(1). A requestor is not permitted to initiate a lawsuit prior to an

---

[3] In 2017, the legislature amended RCW 42.56.520 to address an agency's obligations in responding to unclear records requests. *See* ENGROSSED SUBSTITUTE H.B. 1594, 65th Leg., Reg. Sess. (Wash. 2017).

[4] Although the model rules in chapter 44-14 WAC are advisory, the legislature has instructed agencies to consult the model rules when establishing local ordinances for PRA compliance. RCW 42.56.570(4).

agency's denial of a public record. *Hobbs v. Wash. State Auditor's Office*, 183 Wn. App. 925, 935, 335 P.3d 1004 (2014). In other words, there is no cause of action under the PRA until *after* the agency has engaged in some final action denying access to a record. *Id.* at 935-36. When an agency produces records in installments, the agency does not "deny" access to the records until it finishes producing all responsive documents. *Id.* at 936-37.

"An agency has the option of notifying persons named in the record or to whom a record specifically pertains, that release of a record has been requested." RCW 42.56.540; *see also* WAC 44-14-040(4); WAC 44-14-04003(11). "An agency has wide discretion to decide whom to notify or not notify." WAC 44-14-04003(11). The agency provides this notice before it produces the record, which allows the affected third parties to seek an injunction to prevent disclosure. WAC 44-14-040(4); WAC 44-14-04003(11); *see also* RCW 42.56.540. Before notifying third parties, the agency should have a reasonable belief that the record is arguably exempt from disclosure. WAC 44-14-040(4); WAC 44-14-04003(11).

A full response to a public records request may include notifying third parties named in the records who might seek an injunction against disclosure. WAC 44-14-04003(6). Accordingly, an agency may take additional time to respond to a request

based on a need to notify third persons or agencies affected by the request. Former RCW 42.56.520.

Here, there are no facts to support a claim that the County denied the Zinks the right to inspect any public record or otherwise violated the PRA in responding to the April 17, 2014 request.[5] After producing the majority of the responsive records in installments, the County opted to notify John Doe that Ms. Zink had requested records that identified him. Although the County maintained the records were *not* exempt, the records were at least arguably exempt given that the trial court had already ruled in various other lawsuits that identical sex offender records were exempt and had enjoined the County from producing them. The County intended to release these records identifying John Doe in its final installment on July 17, 2015, but John Doe filed suit and obtained an order restraining the County from producing this final installment.

The Zinks argue that the County withheld and denied them access to the records while it notified John Doe and the other affected individuals. However, the County never

---

[5] The Zinks also argue that the County violated the PRA in responding to Ms. Zink's other various PRA requests, including her July 2013 request. However, a party may only assert a cross claim against a co-party if the claim "aris[es] out of the transaction or occurrence that is the subject matter . . . of the original action." CR 13(g). John Doe brought this suit to enjoin the County from releasing records responsive to Ms. Zink's April 17, 2014 request. As such, the Zinks' cross claim may only be for alleged PRA violations with respect to this request.

denied Ms. Zink the right to inspect any record. Because the County had not yet finished

producing all responsive documents, the request was still open. The County never

claimed an exemption, refused to produce the records, or otherwise engaged in final

action denying access to the records. Rather, it simply took additional time to notify John

Doe about the request, which RCW 42.56.520 expressly authorizes.

The Zinks also argue the County violated the PRA because it did not claim an

exemption or provide an exemption log before notifying John Doe about Ms. Zink's

request. But neither the statute nor the model rules require or advise this. Moreover,

such a requirement would be inconsistent with the policy underlying third party notice,

which is to give the third party a chance to assert an exemption when the agency does not

believe the records are exempt and will not claim a potential exemption on the third

party's behalf. *See* WAC 44-14-04003(11).

In sum, the PRA recognizes that an agency may not be able to respond fully to a

request if it needs to notify third parties who are affected by the request. Here, in light of

the other lawsuits and injunctions concerning identical level I sex offender information, a

full response to Ms. Zink's April 17, 2014 request necessitated a notification to John Doe,

who had not yet received notice. The County was statutorily authorized to take additional

time to do this. Accordingly, the facts alleged in the Zinks' cross claim do not

11

state a claim for a PRA violation, and the trial court did not err in dismissing it under CR 12(b)(6).

PENALTIES AND ATTORNEY FEES

The Zinks argue that they are entitled to per diem penalties and attorney fees.

To the extent the Zinks argue they are entitled to penalties because the County notified John Doe, our Supreme Court expressly rejected this argument in *John Doe A*, 185 Wn.2d at 387.

To the extent the Zinks argue they are entitled to penalties because the County wrongfully withheld the records identifying John Doe, a requestor is not entitled to penalties under the PRA "unless some 'final agency action' denies inspection or copying of a public record." *Hikel v. City of Lynnwood*, 197 Wn. App. 366, 379, 389 P.3d 677 (2016) (internal quotation marks omitted). Here, the County never withheld or denied the Zinks the right to inspect any records. As discussed above, Ms. Zink's request was still open and pending when the trial court enjoined the County from completing the request. It was the court—not the County—that prevented production of the remaining records. Because the County never took "'final agency action'" with respect to the records, the Zinks are not entitled to PRA penalties on this basis. *See Hikel*, 197 Wn. App. at 379.

12

The Zinks also argue they are entitled to penalties because they prevailed against the County. RCW 42.56.550(4) provides that

> [a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

Here, the Zinks never prevailed against the County—they prevailed against John Doe. RCW 42.56.550(4) does not authorize penalties or attorney fees in this situation. *See, e.g., John Doe A*, 185 Wn.2d at 386-87. Accordingly, the Zinks are not entitled to per diem penalties or attorney fees.

COUNTY'S DISCLOSURE OF THE ZINKS' CONTACT INFORMATION

The Zinks argue that the County wrongfully disclosed their personal information to the John Does, including their names, address, and e-mail addresses.

When an agency notifies third parties about a records request, the notice should make it possible for those parties to either contact the requestor and ask the requestor to revise the request, or to seek a court order to prevent the disclosure. WAC 44-14-040(4). The notice to the affected individuals will include a copy of the request. WAC 44-14-040(4). Because the requestor has an interest in any legal action to prevent the disclosure

13

of the records, the agency's notice should also instruct the third parties to name the requestor as a party to any action. WAC 44-14-04003(11).

Without the Zinks' contact information, the John Does would not have been able to contact Ms. Zink and ask her to revise her request or name her as a party to an action. The County was entitled to provide this information.

APPELLATE COSTS

The Zinks request an award of fees and costs under RAP 14 "[a]s the substantially prevailing party in this cause of action."[6] Br. of Appellant at 38. This rule gives appellate courts discretion to consider the issue of appellate costs when the parties raise the issue in their briefs. *State v. Sullivan*, 196 Wn. App. 277, 297, 383 P.3d 574 (2016), *review denied*, 187 Wn.2d 1023, 390 P.3d 332 (2017). Generally, "the party that substantially prevails on review" will be awarded appellate costs, unless the court directs otherwise in its decision. RAP 14.2; *see Mount Adams Sch. Dist. v. Cook*, 150 Wn.2d 716, 726-27, 81 P.3d 111 (2003). Here, the Zinks are not the substantially prevailing party nor do they identify any other factor that would entitle them to costs under RAP 14. We, therefore, decline to award them appellate costs.

---

[6] The County does not request appellate costs in its brief.

14

No. 34519-0-III
*John Doe v. Benton County*

Affirmed.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

15