# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANDREW PILLOUD, | No. 59149-9-II |
| Appellant, | |
| v. | ORDER GRANTING MOTION TO PUBLISHED AND PUBLISHING OPINION |
| THE EMPLOYMENT SECURITY DEPARTMENT OF THE STATE OF WASHINGTON, | |
| Respondent. | |

Respondent filed a motion to publish this court's opinion filed on February 11, 2025.

After consideration, the court grants the motion. Accordingly, it is

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel

having determined that this opinion will not be printed in the Washington Appellate Reports, but

will be filed for public record pursuant to RCW 2.06.040, it is so ordered." is deleted. It is

further

**ORDERED** that the opinion will now be published.

**FOR THE COURT**:

**PANEL**: Jj. Maxa, Veljacic, Price

_____

MAXA, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANDREW PILLOUD,<br><br>       Appellant,<br><br>  v.<br><br>THE EMPLOYMENT SECURITY DEPARTMENT OF THE STATE OF WASHINGTON,<br><br>       Respondent. | No. 59149-9-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. – Andrew Pilloud appeals the trial court's dismissal of his claim under the

Public Records Act (PRA). The claim related to Pilloud's request to the Employment Security

Department (ESD) for the names and residential addresses of all individuals who applied for an

exemption from the Long-Term Services and Supports Trust Program, known as the "WA Cares

Fund."

Pilloud submitted his request by email, but a filter routed the email to a junk folder.

After finding the request 17 days later, ESD acknowledged receipt. ESD then created a custom

spreadsheet of over 480,000 Washington employees who applied for an exemption from the WA

Cares Fund as a responsive record for Pilloud. But ESD redacted all information except the

application status of exemption applicants. ESD cited RCW 50B.04.170(1), which identifies as

private and confidential information and records of individuals and employers used for assessing

employee premiums and determining qualified individuals. ESD produced the spreadsheet slightly more than two months after Pilloud sent the PRA request.

The trial court dismissed the complaint, finding that ESD responded within five business days from when they had fair notice of the records request, ESD provided a reasonable estimate of time to respond to records, and the redactions were proper under RCW 50B.04.170(1).

We hold that (1) RCW 50B.04.170(1) prohibits the disclosure of personal information of applicants for exemption from the WA Cares Fund because the information is used in assessing premiums and determining eligibility for benefits, and (2) ESD was reasonably diligent in creating a responsive record and did not silently withhold records by creating a new record with the information Pilloud requested. Accordingly, we affirm the trial court's dismissal of Pilloud's PRA claim.

FACTS

*Overview of WA Cares Fund*

The legislature created the WA Cares Fund in 2019 to assist Washington's population with increasing need of long-term care services. *See* H.B. 1087, 66th Reg. Sess. (Wash. 2019); RCW 50B.04.900. All Washington employees are assessed a premium based on their individual wages unless they are otherwise exempt. RCW 50B.04.080(1). Beginning July 1, 2026, qualifying individuals may receive benefits to assist with payment of long-term care services. RCW 50B.04.050(2).

The legislature has charged ESD and other agencies with administering the WA Cares Fund. RCW 50B.04.020. Among ESD's responsibilities are collecting and assessing employee premiums, RCW 50B.04.020(4)(a); determining whether individuals qualify for benefits, RCW

50B.04.020(4)(d); and accepting and approving applications for exemptions from paying premiums, RCW 50B.04.080(1).

To assist in the collection of premiums, ESD receives quarterly reports from employers stating each employee's name, social security number, date of birth, wages paid, and premiums deducted. WAC 192-910-005(2); WAC 192-540-030. These reports also must include this information regarding exempt employees. ESD administers the WA Cares Fund in a similar manner to that of the Paid Family Medical Leave (PFML) program. *See* RCW 50A.10.030-.040. And ESD must utilize the same procedures of quarterly reports and employee data for both the PFML program and the WA Cares Fund. RCW 50B.04.080(4)(b) (requiring ESD to use the premium assessment, collection, and reporting procedures of the PFML program "to the extent feasible").

Individuals may apply for an exemption from paying into the WA Cares Fund. RCW 50B.04.085(1). In order to apply for an exemption, applicants must provide personal identifying information, including their date of birth, mailing address, and contact information. From October 1, 2021 through December 31, 2022, people could apply for an exemption if they purchased long-term care insurance prior to November 2021. RCW 50B.04.080(1)-(2).[1] Employees exempt from paying into the WA Cares Fund cannot become a "qualified individual or eligible beneficiary" and are "permanently ineligible" from receiving coverage from the fund. RCW 50B.04.085(1).

---

[1] Beginning January 1, 2023, ESD could accept and approve applications for exemptions from people who are unlikely to ever qualify for benefits at all because of military service related benefits, immigration status, or out-of-state residency. RCW 50B.04.055(1). But Pilloud's PRA request and ESD's response came before January 1, 2023.

*Pilloud's PRA Request*

On April 19, 2022, Pilloud submitted a PRA request to ESD via email for "[a]n export of the WA Cares Exemption Database including Name, Phone Number, Email Address, Residential Address, and Application Status of those who have applied for an exemption." Clerk's Papers at 42. After not hearing back from ESD, Pilloud sent another email and a physical letter to ESD with his request on May 3, 2022. ESD discovered that Pilloud's email address had been filtered by cybersecurity software and the email had been sent to ESD's junk email folder due to the email address's unique domain name. ESD acknowledged receipt of Pilloud's request on May 6, 2022.

ESD initially stated that they expected to produce responsive records by May 27. On June 1, ESD then stated that records likely would be ready on June 22. Significantly, RCW 50B.04.170 – the confidentiality provision of the WA Cares Fund – became effective on June 9, 2022. LAWS OF 2022, ch. 18, § 1.

ESD produced responsive records on June 23, 2022. ESD stated that it does not collect all of the applications for exemption from the WA Cares Fund in a singular database as Pilloud requested. Therefore, ESD created custom code to extract the data Pilloud requested from several different databases within ESD's systems. Although the appellate record does not contain the entire responsive record produced to Pilloud, ESD's counsel represented before the trial court that ESD provided close to 480,000 individuals' exemption status information.

ESD redacted the personal information in the record it produced to Pilloud. ESD redacted the name, phone number, email address, city, state, and zip code of applicants for exemptions. The only available information in the responsive record was the application status of applicants and the number of people who applied for exemptions. ESD told Pilloud that the

5

information was redacted under RCW 50B.04, quoting the provisions of RCW 50B.04.170(1) without identifying that specific statute. After Pilloud asked ESD what specific statute precluded disclosure of applicant information, ESD told Pilloud that the legislation adding RCW 50B.04.170 was in effect, and that RCW 50B.04.170's confidentiality provisions precluded ESD from providing Pilloud with all of the information he sought.

Pilloud filed suit, alleging that the records he requested were not exempt from disclosure, that ESD did not provide a specific enough exemption in its initial email with the records, and that ESD unreasonably delayed in producing the records.

The trial court granted ESD's motion to dismiss. The court found that ESD had responded within five business days from when they had fair notice of the records request, provided a reasonable estimate of time to respond to records, and properly redacted the information and that the records were exempt from disclosure under RCW 50B.04.170(1). The trial court also found that ESD's initial brief explanation explaining the redactions on June 23 was insufficient under the PRA, but that its follow-up email to Pilloud was sufficient. The trial court dismissed Pilloud's complaint, but awarded him costs of $250 for ESD's violation with respect to the initial insufficient explanation of redactions.[2]

Pilloud appeals the trial court's dismissal of his PRA claim.

## ANALYSIS

A. PUBLIC RECORDS ACT PRINCIPLES

We review de novo an agency's action in responding to a PRA request. RCW 42.56.550(3). An appellate court stands in the same position as the trial court when the record

---

[2] ESD does not cross-appeal the award of costs to Pilloud.

consists entirely of documentary evidence. *Ekelmann v. City of Poulsbo*, 22 Wn. App. 2d 798, 805, 513 P.3d 840 (2022).

The PRA presents a mandate for the broad disclosure of public records. *Green v. Pierce County*, 197 Wn.2d 841, 850, 487 P.3d 499 (2021). An agency has an affirmative duty to disclose public records upon request unless disclosure is specifically exempt. RCW 42.56.070(1); *Green*, 197 Wn.2d at 850. PRA exemptions are narrowly construed. RCW 42.56.030; *Green*, 197 Wn.2d at 850. The burden of proof is on the agency to prove that the law supports any refusal to produce requested records. RCW 42.56.550(1); *Green*, 197 Wn.2d at 850.

The PRA contains several exemptions from disclosure. RCW 42.56.070(1) contains an "other statute" exemption, which prohibits disclosure of records if another statute besides the PRA prohibits such disclosure. RCW 42.56.070(1) states,

> Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (8) of this section, this chapter, *or other statute which exempts or prohibits disclosure of specific information or records*. To the extent required to prevent an unreasonable invasion of personal privacy interests protected by this chapter, an agency shall delete identifying details in a manner consistent with this chapter when it makes available or publishes any public record; however, in each case, the justification for the deletion shall be explained fully in writing.

(Emphasis added.) The other statute "does not need to expressly address the PRA, but it must expressly prohibit or exempt the release of records." *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 372, 374 P.3d 63 (2016). Whether a statute is an "other statute" under RCW 42.56.070(1) is a question of law that we review de novo. *Id.* at 371.

Pilloud essentially assumes that the PRA's "other statute" exemption applies to RCW 50B.04.170(1).[3]  The issue is whether RCW 50B.04.170(1) applies to the information Pilloud requested.

B.      APPLICABILITY OF RCW 50B.04.170(1)

Pilloud argues that RCW 50B.04.170(1)'s confidentiality provision does not apply to the information of applicants for exemptions from the WA Cares Fund, which must be disclosed under the PRA.  We disagree.

RCW 50B.04.170(1) states, "Any information or records concerning an individual or employer obtained by [ESD] for the purposes of collecting and assessing employee premiums under RCW 50B.04.080 and determining qualified individuals under RCW 50B.04.050 will be considered private and confidential in the same manner provided in chapter 50A.25 RCW."[4]  RCW 50B.04.080(1) states, "Unless otherwise exempted pursuant to this chapter, beginning July 1, 2023, the [ESD] shall assess for each individual in employment with an employer a premium based on the amount of the individual's wages."  RCW 50B.04.050 provides the requirements for a person to qualify for benefits, and RCW 50B.04.050(4) states that an exempt employee can never be a qualified individual.  The question here is whether applicants for exemption from the WA Cares fund is information obtained "for the purposes of collecting and assessing employee premiums under RCW 50B.04.080 and determining qualified individuals under RCW 50B.04.050." RCW 50B.04.170(1).

_____

[3] The trial court held in its oral ruling that RCW 50B.04.170(1) was an "other statute" under RCW 42.56.070(1).  Pilloud does not challenge that ruling on appeal.

[4] Chapter 50A.25 RCW places limits on disclosure of PFML data shared with other governmental entities and identifies information relating to an individual or employer for purposes of administering the PFML program as private and confidential.

Information about employees applying for exemption from the WA Cares Fund is inextricably linked with the collection and assessment of premiums and the determination of qualified beneficiaries. Employees who obtain an exemption will not have premiums deducted from their wages. RCW 50B.04.085(8). Therefore, ESD needs to know which employees are exempt in order to assist in "collecting and assessing employee premiums." RCW 50B.04.170(1). And exempt employees cannot be qualified individuals. RCW 50B.040.050(4). Therefore, ESD needs to know which employees are exempt in order to assist in "determining qualified individuals." RCW 50B.04.170(1).

ESD identifies which employees are exempt from paying premiums to the WA Cares Fund by collecting their personal information such as their name and address. And after ESD approves an exemption, employee data is sent from employers to ESD, including exemption status, name, and address. ESD then uses that data to verify and assess employee premiums, and to determine eligible beneficiaries for eventual payment of benefits. Because RCW 50B.04.170(1) identifies this information as private and confidential, it is exempt from disclosure.

Pilloud briefly argues that ESD should have provided the city, state, and zip code of applicants for exemptions, even if the street addresses were redacted properly. However, Pilloud requested the "Residential Address" of each exemption applicant. ESD redacted the residential addresses. Pilloud cites no authority for the proposition that an agency is required to produce partially redacted addresses.

Accordingly, we hold that RCW 50B.04.170(1)'s confidentiality provisions apply to the personal information of applicants for exemptions from the WA Cares Fund.

C.      PROPRIETY OF ESD'S RESPONSE

1.      Timeliness of Initial Response

Pilloud argues that the trial court erred in determining that ESD complied with RCW 42.56.520(1)'s requirement to respond to requests within five business days because ESD had fair notice of the request only after it found Pilloud's email in its junk email folder. We conclude that this issue is moot.

"The PRA does not provide a freestanding penalty for procedural violations," only for a final action denying inspection or copying of a record. *Hikel v. City of Lynwood*, 197 Wn. App. 366, 379, 389 P.3d 677 (2016). Procedural delay is only an aggravating factor when determining penalties for withholding responsive records. *See Id.* In addition, Pilloud is not entitled to attorney fees because he is not an attorney. *West v. Thurston County*, 168 Wn. App. 162, 195, 275 P.3d 1200 (2012).

An issue is moot if we cannot provide effective relief. *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 476, 491 P.3d 1012 (2021). Here, we cannot provide effective relief for Pilloud on the issue of ESD's fair notice of his request because we have determined that ESD properly redacted exempt records. Even if we agree with Pilloud and reverse the trial court, he is not entitled to any relief in the form of penalties or attorney fees. Therefore, deciding the issue would not result in effective relief for Pilloud. We conclude that this issue is moot, and we decline to address the issue as a matter of continuing public interest.

2.      Constructive Denial

Pilloud argues that ESD constructively denied his public records request when it failed to diligently produce responsive records. We disagree.

10

"[A]n agency's inaction or lack of diligence in providing a prompt response to a records request can ripen into constructive denial for purposes of fees, costs, and penalties under the PRA." *Cantu v. Yakima Sch. Dist. No. 7*, 23 Wn. App. 2d 57, 88, 514 P.3d 661 (2022). "Whether the agency responded with reasonable thoroughness and diligence is a fact-specific inquiry." *Freedom Found. v. Dep't of Soc. & Health Servs.*, 9 Wn. App. 2d 654, 673, 445 P.3d 971 (2019). We apply an objective standard from the viewpoint of the requester. *Cantu*, 23 Wn. App. 2d at 94.

ESD responded with reasonable thoroughness and diligence in responding to Pilloud's request. ESD produced responsive records to Pilloud's request in approximately seven weeks. When ESD responded to Pilloud, it provided an initial date of May 27 when it anticipated providing the records. Later, ESD realized that it had responsive records, but that it would have to write specific code to pull the data from multiple ESD databases, requiring more time. ESD then informed Pilloud that the request would take another four weeks until June 22. An agency is not required to disclose records within its initial estimated timeline; agencies may extend their estimated response date when they require more time. *See Andrews v. Wash. State Patrol*, 183 Wn. App. 644, 652, 334 P.3d 94 (2014).

Pilloud emphasizes that had ESD responded to his initial request in time and not 17 days later, his requested records would have been ready before the effective date of RCW 50B.04.170, and the records could not have been redacted. But this fact would be relevant only if ESD unreasonably delayed its response. We conclude that there was no unreasonable delay.

Accordingly, we hold that ESD acted with reasonable diligence and thoroughness in responding to Pilloud's request.

3.    Silent Withholding of Records

Pilloud argues that because ESD did not inform him until the records were produced that

ESD created a custom record of aggregated data from multiple databases, ESD silently withheld

responsive records.  We disagree.

> The [PRA] does not allow silent withholding of entire documents or records, any
> more than it allows silent editing of documents or records.  Failure to reveal that
> some records have been withheld in their entirety gives requesters the misleading
> impression that all documents relevant to the request have been disclosed.

*Progressive Animal Welfare Soc. v. Univ. of Wash.*, 125 Wn.2d 243, 270, 884 P.3d 592 (1994).

Although an agency is not required to create a new responsive record, it must make efforts to

produce information from "existing data compilations from which information may be obtained,"

including partial responses to requests for records.  *Fisher Broadcasting-Seattle TV LLC v. City*

*of Seattle*, 180 Wn.2d 515, 523-24, 326 P.3d 688 (2014).

In *Fisher*, a news reporter requested myriad video and audio recordings from the Seattle

Police Department.  *Id.* at 519.  The police department stated that it had no responsive records

because the specific information the reporter sought was across multiple databases and could not

be queried due to system limitations.  *Id.* at 520.  The Supreme Court held that the department

violated the PRA because it had the capacity to produce a partially responsive record at the time

it denied her request, even though it was not required to create an entirely new record responsive

to the request.  *Id.* at 523-24.

Here, ESD went beyond the requirements of *Fisher*.  ESD took steps to create a record

that was responsive to Pilloud's request by compiling information from multiple databases that

were partially responsive to Pilloud's request.  It created new code to generate a list of applicants

for exemptions from the WA Cares Fund.  And ESD did not silently withhold those multiple

databases from Pilloud.  ESD produced a fully responsive record.  It was not required to disclose

12

the entirety of the constituent databases it pulled data from to generate the information Pilloud requested, because those may have only been partially responsive or provided an incomplete record. *See Fisher*, 180 Wn.2d at 523-24 (holding that an agency must attempt to generate a record when it could compile a partially responsive record from multiple data sources).

We hold that ESD did not silently withhold records by creating a custom report aggregated from multiple databases.

CONCLUSION

We affirm the trial court's dismissal of Pilloud's PRA claim.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

VELJACIC, A.C.J

PRICE, J.

13