260 P.3d 249 (2011)
Kevin Michael MITCHELL, Appellant,
v.
WASHINGTON STATE DEPARTMENT OF CORRECTIONS, Respondent.
No. 39874-5-II.
Court of Appeals of Washington, Division 2.
September 7, 2011.
*250 Kevin M. Mitchell (Appearing Pro Se), Connell, WA, for Appellant.
Timothy Norman Lang, Office of the Attorney General, Olympia, WA, for Respondent.
WORSWICK, J.
¶ 1 Kevin Mitchell made a Public Records Act (PRA)[1] request to the Washington Department of Corrections (DOC) and asked for the requested records to be disclosed electronically. The DOC responded that it would not disclose the records electronically because redactions would be necessary to protect information that was exempt from disclosure. Mitchell filed suit claiming that the agency (1) improperly denied access to records without providing an exemption statement, and (2) was required to disclose the records electronically. The trial court ruled in favor of the DOC on both claims. We reverse and remand to the trial court on Mitchell's first claim, holding that the DOC violated the PRA by failing to provide an exemption statement with its response denying access to the records in part. We affirm on Mitchell's second claim, holding that the DOC was not required to disclose the records electronically. We award attorney fees on appeal to Mitchell for that portion attributable to the claim on which he prevailed.

*251 FACTS
¶ 2 On May 14, 2007, Mitchell, a prisoner in DOC, submitted a written request to the DOC asking for all data pertaining to him from two electronic databases. On June 18, the DOC responded by letter that Mitchell would not be permitted to personally inspect the requested records, but that he could appoint a personal representative to do so. On July 1, Mitchell responded with a request that the DOC disclose the records electronically by e-mail.
¶ 3 On July 16, the DOC responded by letter that the requested records would "have redactions that are mandatory exempt from disclosure, therefore would not meet the criteria to be sent electronically."[2] Clerk's Papers at 17. The DOC informed Mitchell that he could either pay for copies that would be sent to him, or he could have a third party inspect the records on his behalf. When Mitchell did not respond within 30 days, the DOC administratively closed his request, subject to being reopened at any time upon notification from Mitchell.
¶ 4 On November 13, 2008, Mitchell filed a motion for an order to show cause in Thurston County Superior Court, arguing that the DOC violated the PEA by denying access to records without providing an exemption statement, and arguing that the DOC was required to disclose the records electronically.[3] The DOC responded that it had not denied Mitchell's request but, rather, had properly offered him the option to arrange for third-party inspection or to pay for copies.[4] The trial court found that the DOC had not refused to disclose any information and that it was not required to disclose records electronically, denying Mitchell's motion for an order to show cause.

ANALYSIS

Exemption Statement
¶ 5 Mitchell first argues that the DOC violated the PRA by denying him access to part of the requested records without including a statement of the specific statutory exemptions and a brief explanation of how the exemptions apply (exemption statement). We agree.
¶ 6 Under the PRA, on the motion of a person who has been denied an opportunity to inspect or copy a public record, the superior court may require an agency to show cause why it has refused to allow inspection or copying. RCW 42.56.550(1).[5] The agency bears the burden to show that the refusal complies with a statutory exemption. RCW 42.56.550(1). We conduct a de novo review of agency actions taken or challenged under RCW 42.56.030 through RCW 42.56.520. RCW 42.56.550(3). Where, as here, the record on a motion to show cause under the PRA consists only of affidavits, memoranda of law, and other documentary evidence, we stand in the same position as the trial court. O'Connor v. Dep't of Soc. & Health Svcs., 143 Wash.2d 895, 904, 25 P.3d 426 (2001) (quoting Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wash.2d 243, 252, 884 P.2d 592 (1994) (PAWS II)).
¶ 7 "The PRA is a strongly worded mandate for broad disclosure of public records." *252 Rental Hous. Ass'n of Puget Sound v. City of Des Moines, 165 Wash.2d 525, 535, 199 P.3d 393 (2009). The PRA "shall be liberally construed and its exemptions narrowly construed" to promote this purpose of public disclosure. RCW 42.56.030.
¶ 8 The PRA provides, "Agency responses refusing, in whole or in part, inspection of any public record shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW 42.56.210(3). "When an agency claims an exemption for an entire record or portion of one, it must inform the requestor of the statutory exemption and provide a brief explanation of how the exemption applies to the record or portion withheld." Rental Hous. Ass'n, 165 Wash.2d at 539, 199 P.3d 393 (quoting WAC 44-14-04004(4)(b)(ii)).
¶ 9 This case requires us to interpret RCW 42.56.210(3) to determine whether the DOC was required to include an exemption statement with its July 16 response. Our purpose when interpreting a statute is to determine and enforce the legislature's intent. Rental Hous. Ass'n, 165 Wash.2d at 536, 199 P.3d 393. Where the meaning of statutory language is plain on its face, we give effect to that plain meaning as an expression of legislative intent. Rental Hous. Ass'n, 165 Wash.2d at 536, 199 P.3d 393. When determining a statute's plain meaning, it is appropriate for courts to look to the context of the statute, including other provisions within the same act. Dep't of Ecology v. Campbell & Gwinn LLC, 146 Wash.2d 1, 10-12, 43 P.3d 4 (2002). "In construing the PRA, we look at the Act in its entirety in order to enforce the law's overall purpose." Rental Hous. Ass'n, 165 Wash.2d at 536, 199 P.3d 393.
¶ 10 An agency "produces" a document by making it available for inspection or copying. Sanders v. State, 169 Wash.2d 827, 836, 240 P.3d 120 (2010). The DOC produced the requested records in its July 16 response, writing that Mitchell could either pay for copies of the documents or arrange for a third party to inspect the documents on his behalf. But the DOC also refused Mitchell access to part of the records in this response, stating that redactions of exempted information would be necessary; the DOC did not, however, recite the statutory provisions under which it claimed such exemption.
¶ 11 The DOC first asserts that it did not deny Mitchell access to the records and thus the requirement of an exemption statement was not triggered. This argument is contrary to the plain language of RCW 42.56.210(3). Under this subsection, an exemption statement must be included in any response "refusing, in whole or in part, inspection of any public record." RCW 42.56.210(3). Under the plain meaning of the word, the July 16 letter was a "response." The DOC offers no argument to the contrary. Because the July 16 letter was a response, and because it refused access to part of the requested records, it triggered the exemption statement requirement under RCW 42.56.210(3).
¶ 12 The DOC further asserts that an exemption statement is not required until the records are physically produced, and thus that its July 16 response did not trigger the requirement of an exemption statement. This argument is also contrary to the plain language of RCW 42.56.210(3). It is impossible to read this subsection as applying only to the physical production of documents. Under the unambiguous wording of RCW 42.56.210(3), responses refusing access in whole or in part "shall" include an exemption statement. This language plainly requires agencies to include an exemption statement with any response that refuses access to public records. It does not mandate that exemption statements be included only with physically produced documents. We hold, therefore, that the plain language of RCW 42.56.210(3) required DOC to provide an exemption statement with its July 16 response notifying Mitchell that some of the information he had requested was exempt and needed to be redacted.
¶ 13 In addition to the plain language of RCW 42.56.210(3), our holding is supported by RCW 42.56.520. As noted above, we look to other provisions within the same act to determine a statute's plain meaning. Dep't *253 of Ecology, 146 Wash.2d at 10-12, 43 P.3d 4. RCW 42.56.520[6] provides how agencies must respond to PRA requests:
Within five business days of receiving a public record request, an agency ... must respond by either (1) providing the record; (2) providing an internet address and link... to the specific records requested ...; (3) acknowledging that the agency ... has received the request and providing a reasonable estimate of the time the agency... will require to respond to the request; or (4) denying the public record request.
Under this section, it is clear that a "response" is not just a physical production of records. A "response" also includes a notification of how much time the agency will need to respond, and a denial of public records.
¶ 14 Our holding on this point is further bolstered by Rental Housing Association, which held that "[w]hen an agency claims an exemption for an entire record or portion of one," it must include an exemption statement. 165 Wash.2d at 539, 199 P.3d 393 (quoting WAC 44-14-04004(4)(b)(ii)). Rental Housing Association held that the plain language of RCW 42.56.210(3) requires an exemption statement with a response refusing access.
¶ 15 Our holding is also supported by PAWS II, 125 Wash.2d 243, 884 P.2d 592. There, the court held that "an agency's response to a requester must include specific means of identifying any individual records which are being withheld in their entirety." PAWS II, 125 Wash.2d at 271, 884 P.2d 592. The court held that this information was necessary to permit judicial review of the agency's PRA compliance. PAWS II, 125 Wash.2d at 270, 884 P.2d 592.
¶ 16 Although PAWS II did not address records withheld in part, the same rationale applies. When an agency informs a requester that there will be "redactions" without explaining their nature or justification, there is no basis for judicial review of said redactions. This invites an inefficient process, where requesters are forced to obtain physical production of documents to find out what information will be withheld and why. We cannot accept such a scheme in the face of the PRA's plain language, our Supreme Court precedent, and the statutory requirement that we construe the PRA broadly to effect its purpose.[7] Consequently, we hold that the PRA requires agencies to include an exemption statement with any response withholding public records in whole or in part. We hold that the DOC violated the PRA with its July 16 response by refusing access to the records in part without providing an exemption statement.
¶ 17 The remedy for an agency's failure to provide an exemption statement and brief explanation is "consideration when awarding costs, fees, and penalties." Sanders, 169 Wash.2d at 848, 240 P.3d 120. As such, we reverse the trial court's denial of Mitchell's order to show cause and remand to the trial court to consider the DOC's failure to provide an exemption statement in rendering its decision awarding costs, fees, and penalties under the PRA.

Electronic Disclosure
¶ 18 Mitchell next argues that the DOC violated the PRA by refusing to disclose the requested records electronically. We disagree.
¶ 19 Nothing in the PRA obligates an agency to disclose records electronically. Mitchell cites no authority to the contrary. Rather, he cites WAC 44-14-05001 and WAC 44-14-07003, which are model rules promulgated by the Attorney General. These rules are not binding, but rather provide useful guidance to agencies. Mechling v. City of Monroe, 152 Wash.App. 830, 849, 222 P.3d 808 (2009). WAC 44-14-05001 suggests that agencies should provide records in electronic format when requested in that format. It further provides that agencies need not provide records electronically if it is not technically feasible to do so. WAC 44-14-05001. And WAC 44-14-07003 provides guidance for *254 when agencies may charge a fee for electronic disclosure of records.
¶ 20 In Mechling, Division One of this court recognized that while agencies have no statutory duty to disclose records electronically under the PRA, they do have a statutory duty to provide "fullest assistance to inquirers." 152 Wash.App. at 849, 222 P.3d 808; see RCW 42.56.100. Mechling held that, under this duty and under the guidance of the Attorney General's model rules, a trial court may require an agency to disclose records electronically if it is reasonable and feasible to do so. 152 Wash.App. at 849-50, 222 P.3d 808. The court therefore remanded to the trial court to determine whether electronic disclosure was reasonable and feasible. Mechling, 152 Wash.App. at 849-50, 222 P.3d 808. But Mechling rejected the contention that an agency could be required to electronically disclose redacted e-mails that would need to be scanned back into electronic format after being redacted. 152 Wash.App. at 850, 222 P.3d 808.
¶ 21 The situation here is analogous to the redacted e-mails in Mechling. The requested records are stored in a computer database and ostensibly include information that must be redacted. Requiring DOC to disclose these records electronically would force the agency to print the records, redact them, and then scan them back into electronic format. Following Mechling, we hold that such duplication of effort is outside of the agency's obligation of "fullest assistance" under the PRA. We affirm the trial court's ruling that DOC is not required to disclose the requested records electronically.

ATTORNEY FEES
¶ 22 Mitchell seeks attorney fees on appeal. Under RCW 42.56.550(4), any person prevailing in an action seeking the right to inspect or copy public records shall be awarded all costs, including reasonable attorney fees. A party prevails under the PRA when he prevails on a claim that the agency improperly failed to specify or explain the exemptions protecting records from disclosure. See Sanders, 169 Wash.2d at 848, 240 P.3d 120. Because Mitchell has prevailed on such a claim, he is a prevailing party and we award him reasonable attorney fees and costs on appeal under RCW 42.56.550(4) to the extent he can identify those portions of attorney fees and costs attributable to the exemption claim on which he has prevailed.[8]
¶ 23 Affirmed in part, reversed in part, and remanded.
We concur: HUNT, J., and PENOYAR, C.J.
NOTES
[1] ch. 42.56 RCW.
[2] The DOC records that Mitchell requested, which the DOC claimed include information that must be redacted, were stored in a computer database. To disclose these records electronically the DOC would first have to print the electronically stored records, then redact the printed version, and finally scan the redacted hard copies of the records back into electronic format.
[3] Mitchell also argued that the DOC failed to search for responsive records. But in failing to brief this argument on appeal, Mitchell has abandoned it. Holder v. City of Vancouver, 136 Wash. App. 104, 107, 147 P.3d 641 (2006).
[4] The DOC also argued that its policy of denying prisoners the right to personally inspect certain records was proper under the PRA. Division One of this court upheld this policy in Sappenfield v. Department of Corrections, 127 Wash.App. 83, 110 P.3d 808 (2005). We adopted Sappenfield in Gronquist v. Department of Corrections, 159 Wash.App. 576, 586, 247 P.3d 436 (2011). In a reply memorandum in the trial court, Mitchell expressly stated that he was not seeking personal inspection and that he did not raise this issue. Mitchell briefly addresses this issue in his opening brief on appeal. But because Mitchell did not raise the issue below, we decline to consider it for the first time on appeal. RAP 2.5(a).
[5] RCW 42.56.550 was amended in 2011. LAWS OF 2011, ch. 273, § 1. The amendment does not affect our analysis.
[6] RCW 42.56.520 was amended in 2010 to add language allowing agencies to respond by providing an internet link to the requested records. Laws of 2010, ch. 69, § 2. This amendment does not affect our analysis and we cite to the current version.
[7] RCW 42.56.030.
[8] Mitchell is not entitled to attorney fees and costs incurred in pursuing his claim that DOC had to provide the requested records electronically, the claim on which he did not prevail.