# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CARLOS JOHN WILLIAMS, | No. 50440-5-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF CORRECTIONS, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Carlos J. Williams appeals the superior court's order granting the Department of Corrections' (DOC) motion for summary judgment dismissal of his claims for copies of his mental health treatment plan under the Public Records Act (PRA), chapter 42.56 RCW, and the Uniform Health Care Information Act (UHCIA), chapter 70.02 RCW. However, Williams failed to designate essential documents in the record on appeal. Accordingly, we hold that Williams's failure to provide a record sufficient to review the issues raised on appeal precludes appellate review and we affirm.

## FACTS

Carlos Williams is a prisoner confined at the Monroe Correctional Complex's special offender unit. On June 20, 2014, Williams filed a pro se complaint against the DOC alleging that

DOC had violated the PRA by not providing him a copy of his mental health treatment plan, which he had requested via kites to his counselor and other prison staff.

According to DOC's response brief on appeal, DOC moved to dismiss Williams's complaint, arguing that the UHCIA, not the PRA, was Williams's exclusive avenue for relief. However, the motion to dismiss is not included in the record on appeal.

On September 23, 2014, Williams, through counsel, filed a motion to amend his complaint to add a claim under the UHCIA. Presumably, the superior court granted Williams's motion to amend his complaint. However, neither an order on the motion nor the amended complaint is included in the record on appeal.[1] It appears that Williams's counsel subsequently withdrew.

DOC then, allegedly, filed a motion for summary judgment which the superior court granted in part. Neither DOC's motion nor the superior court's order is included in the record on appeal. Subsequently, the superior court granted summary judgment dismissal of Williams's remaining claims and dismissed Williams's action with prejudice. The superior court's order granting summary judgment dismissal is also not included in the record on appeal.[2]

Williams timely appeals the order dismissing his case.

---

[1] A copy of the proposed amended complaint is included in the record as an attachment to the motion to file an amended complaint. However, the complaint is unsigned and unfiled.

[2] The order granting summary judgment on Williams's remaining claims is attached to Williams's notice of appeal. But attachments to the notice of appeal are not officially part of the record. Moreover, the order does not shed any light on the underlying motions, which are essential to our review.

ANALYSIS

Williams has provided a limited record on appeal and has not provided verbatim reports of the superior court proceedings. An appellant must provide a record sufficient to review the issues raised on appeal. RAP 9.2(b); *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). The failure to do so precludes appellate review. *Stiles*, 168 Wn. App. at 259. We hold pro se parties to the same standards as attorneys. *Edwards v. Le Duc*, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010).

Here, Williams failed to designate essential portions of the superior court record to enable our review of the alleged errors. This record does not contain Williams's amended complaint, DOC's motion to dismiss, DOC's motion for summary judgment, the superior court's order dismissing parts of Williams's claims, or the order granting summary judgment on Williams's remaining claims. Without these documents, we cannot review the superior court's decision dismissing Williams's claims.

Accordingly, we affirm the superior court.

ATTORNEY FEES

Williams requests an award of attorney fees and expenses pursuant to the UHCIA. The UHCIA provides that "[t]he court shall award reasonable attorneys' fees and all other expenses reasonably incurred to the prevailing party." RCW 70.02.170(2). However, pro se litigants are

generally not entitled to attorney fees for their work representing themselves. *Mitchell v. Dep't of Corr.*, 164 Wn. App. 597, 608, 277 P.3d 670 (2011). Moreover, Williams is not the prevailing party. Accordingly, we deny his request.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.