# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| HEALTH PROS NORTHWEST, INC., a Washington corporation, | No.  52135-1-II |
| Appellant/Cross-Respondent, | |
| v. | |
| THE STATE OF WASHINGTON and its DEPARTMENT OF CORRECTIONS, | PUBLISHED OPINION |
| Respondent/Cross-Appellant. | |

CRUSER, J.  —  Health Pros Northwest Inc. (HPNW) brought action against the Department of Corrections (DOC) for violations of the Public Records Act (PRA), ch. 42.56 RCW.  In its timely initial response to HPNW's PRA request, the DOC stated that it would provide at a later date an estimate for when the first installment of records would be produced.  HPNW asserted that the DOC's response violated former RCW 42.56.520(3) (2010).  The superior court ruled that former RCW 42.56.520(3) did not require an agency to provide an estimate of when it will *finish* producing records responsive to a request.  However, the court further ruled that the DOC's initial response did not comply with former RCW 42.56.520(3) because the agency did not provide HPNW with an estimated date on which the agency would begin producing records.  HPNW appealed and the DOC cross appealed.

We hold that (1) former RCW 42.56.520(3) required an agency to provide an estimate of when it would provide the first installment of records, not when it would fully respond to the

No. 52135-1-II

request and (2) an agency's response that states only a date by which the agency will give an estimate for when the first installment of records will be produced does not comply with former RCW 42.56.520(3). Accordingly, we affirm.

FACTS

I. REQUEST FOR RECORDS

On February 10, 2017, HPNW submitted a public records request to the DOC. HPNW requested categories of records related to a contract HPNW entered into with the DOC. The request was three pages long and contained 18 parts, including multiple subparts.

On February 15, the DOC sent HPNW an e-mail with its initial response to the request. This e-mail acknowledged receipt of the request and provided the DOC's interpretation of the request. The DOC did not provide a date on which it would produce the requested records. Instead, the DOC stated it "will respond further as to the status of your request within 45 business days, on or before April 20, 2017." Clerk's Papers (CP) at 25.

II. FIRST INSTALLMENT

On April 11, the DOC sent HPNW an e-mail with the cost for the first installment of records. That same day, HPNW mailed the payment to the DOC. HPNW's attorney also responded to the DOC's e-mail and asked how many installments the DOC expected to produce and when the DOC expected to produce each installment. The DOC responded,

(1)     It is unknown how many installments there will be. Due to the large and complex nature of this request, [we] anticipate there will be easily over 10 installments, but that is simply a "guess-timate."
(2)     How our process works is, we offer one installment at a time. The Specialist does not continue to work on the request until payment for that installment is received.

CP at 31.

2

HPNW responded to this e-mail by stating that the agency's answer was "not within the letter of [sic] spirit of the Open Public Records Act." CP at 29. HPNW asserted that the agency is required to provide the requestor a reasonable estimate of when the agency would completely respond to the request. HPNW also requested that to the extent the DOC would require more than an additional 45 days to fully respond, the agency should "provide a full and complete explanation based in specific evidentiary facts why such an extraordinary response time is required." CP at 30. In response, the DOC informed HPNW that it may appeal the agency's response to its request.

On April 17, the DOC provided HPNW with the first installment of the requested records, which contained 673 pages of responsive documents. The DOC informed HPNW that "[s]taff [will] continue to gather and review records responsive to your request" and that the DOC will "follow up with you within 40 business days, on or before, June 12, 2017." CP at 36. After receiving the DOC's letter, HPNW sent an e-mail asking how the DOC's response time complied with the statutory obligation to provide a prompt response. In an e-mail, the DOC Public Records Specialist explained that her current caseload has over 100 requests and that she could not stop working on other requests to get to HPNW's request.

## III. COMPLAINT

On May 2, HPNW filed a complaint in superior court, asking the court to find that the DOC violated former RCW 42.56.520 (2010) in its initial response to HPNW. HPNW also asked the court to determine whether the DOC's time estimate was "reasonable" and if the court found the estimate was unreasonable, to enter an order declaring what time estimate was reasonable.

After being served with the complaint, the DOC continued to produce installments of records. On May 30,[1] the DOC produced the second installment of 1,633 pages of documents. On July 3, the DOC produced the third installment of 9,119 pages of documents. On August 22, after HPNW had filed its opening brief below, the agency produced a fourth installment of 4,306 pages of documents. The DOC asserted in its response brief below that it had provided HPNW 15,531 pages and that the DOC had approximately 350,000 additional pages to review.

## IV. HEARING

On September 8, the superior court held a hearing on two issues: (1) whether the DOC initially responded to HPNW's request as required by former RCW 42.56.520, and (2) whether the DOC was required to provide a reasonable estimate of the time it would need to *fully* respond to the request in order to have complied with its obligation to provide a reasonable estimate of the time required to respond within the meaning of former RCW 42.56.550 (2011).

The superior court ruled that the DOC's initial response did not comply with former RCW 42.56.520(3) because it did not provide HPNW with an estimated date on which the agency would begin producing records. The court entered the following declaratory judgment:

> The Court DECLARES that [former] RCW 42.56.520(3), as construed by the Court of Appeals in *Hobbs v. State*, 183 Wn. App. 925, 335 P.3d 1004 (2014), only requires an agency to provide an estimate of when it will produce its *first* installment of records responsive to the public records request, and does not require the agency to produce an estimate of when it will *finish* producing records responsive to such a request, such that the Court has no jurisdiction to compel the agency to provide such an estimate.

---

[1] The court's findings of fact state that the agency produced a second installment on May 22, but the record reflects that this occurred on May 30.

CP at 251. And the court concluded that the DOC had acted with reasonable diligence in response to HPNW's request.

The parties stipulated and agreed that HPNW should be awarded $10,000 in attorney fees for the violation found by the superior court. Thus, the superior court awarded HPNW $10,000 in attorney fees and $212.50 in costs.

HPNW appealed and the DOC cross appealed.[2]

ANALYSIS

I. STANDARD OF REVIEW

"Judicial review of all agency actions taken or challenged under RCW 42.56.030 through 42.56.520 shall be de novo." Former RCW 42.56.550(3). The resolution of the issue in this case involves statutory interpretation. "When interpreting a statute, our primary duty is to give effect to the legislature's intent." *Yousoufian v. Office of Ron Sims*, 152 Wn.2d 421, 437, 98 P.3d 463 (2004). In interpreting a statute, we first look at the statute's plain meaning. *Fisher Broad.-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 527, 326 P.3d 688 (2014). We give effect to a statute's meaning if the meaning is plain on its face. *Yousoufian*, 152 Wn.2d at 437. In determining the plain meaning, we consider "'all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question.'" *Fisher*, 180 Wn.2d at 527 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)).

---

[2] The parties sought direct review in the Supreme Court. The Supreme Court transferred the case to this court. *See* Order transferring to Division Two, *Health Pros Northwest, Inc. v. State*, No. 95109-8, (Wash. July 11, 2018).

However, when a statute is ambiguous we look to principles of statutory construction, legislative history, and relevant case law to provide guidance in interpreting it. *Yousoufian*, 152 Wn.2d at 434. A statute is ambiguous if it is amenable to more than one reasonable interpretation. *Id.* at 433.

## II. REASONABLE ESTIMATE TO RESPOND

HPNW argues that former RCW 42.56.520(3) required an agency responding to a public records request to provide an estimate of when it expects to "*fully* respond to a public records request." Br. of Appellant at 4. HPNW acknowledges the authority contrary to its position, specifically *Hobbs*, and asks us to reach a decision contrary to our decision in that case. As a result, HPNW contends that the superior court erred in its reliance on *Hobbs* in ruling that former RCW 42.56.520(3) did not require the agency to produce an estimate of when it will finish producing records. We disagree and continue to follow the holdings in *Hobbs* and *Hikel v. City of Lynwood*, 197 Wn. App. 366, 389 P.3d 677 (2016).

## A. PRINCIPLES OF LAW

Former RCW 42.56.520 required, in relevant part,

Responses to requests for public records shall be made promptly by agencies. . . . Within five business days of receiving a public record request, an agency . . . must respond by either (1) providing the record; (2) providing an internet address and link on the agency's web site to the specific records requested, except that if the requester notifies the agency that he or she cannot access the records through the internet, then the agency must provide copies of the record or allow the requester to view copies using an agency computer; (3) *acknowledging that the agency . . . has received the request and providing a reasonable estimate of the time the agency . . . will require to respond to the request*; or (4) denying the public record request.

(Emphasis added.)[3]

If necessary, an agency can make public records available "on a partial or installment basis as records that are part of a larger set of requested records are assembled or made ready for inspection." Former RCW 42.56.080 (2016).

Former RCW 42.56.550(2) provided in relevant part,

> Upon the motion of any person who believes that an agency has not made a reasonable estimate of the time that the agency requires to respond to a public record request, the superior court in the county in which a record is maintained may require the responsible agency to show that the estimate it provided is reasonable. The burden of proof shall be on the agency to show that the estimate it provided is reasonable.

## B. PLAIN MEANING OF FORMER RCW 42.56.520(3)

### 1. *HOBBS* AND *HIKEL*

HPNW argues that former RCW 42.56.520(3), which stated that an agency must provide "*a reasonable estimate of the time the agency . . . will require to respond to the request*," required the DOC to provide an estimate of when the production of the records requested in this case would be complete. (Emphasis added.) In *Hobbs*, we addressed this same issue of

> whether RCW 42.56.520 requires an agency to respond to a public records request by providing a reasonable estimate of when the agency will be able to provide the *completed* response to the request, or whether it is sufficient for the initial response

---

[3] The legislature amended former RCW 42.56.520 in July 23, 2017. LAWS OF 2017, ch. 303, § 3. The amended statute adds that an agency may respond by

> [a]cknowledging that the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives has received the request and asking the requestor to provide clarification for a request that is unclear, and providing, to the greatest extent possible, a reasonable estimate of the time the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives will require to respond to the request if it is not clarified.

RCW 42.56.520(1)(d).

to include only a reasonable estimate of the time it will take the agency to produce the first installment of responsive records.

183 Wn. App. at 942. *Hobbs* explained that there are two ways for an agency to respond to a request: (1) by making "the records available for inspection or copying" or (2) by responding by "including an explanation of the exemption authorizing the agency to withhold the records." *Id. Hobbs* additionally noted that under RCW 42.46.080, an agency is allowed to produce records on a "'partial or installment basis.'" 183 Wn. App. at 942. *Hobbs* rejected Hobbs's interpretation of former RCW 42.56.520 as requiring the agency to provide an estimate of the reasonable amount of time needed to complete a request, stating that it would not add words to the statute. 183 Wn. App. at 942. Thus, *Hobbs* held that the agency complied with the plain language of former RCW 42.56.520 because the agency gave a reasonable estimate of the time required to provide the first installment of records. 183 Wn. App. at 942.

Here, HPNW contends that *Hobbs* is flawed because the most natural reading of former RCW 42.56.520(3) is that an agency was required to provide a reasonable estimate of the time needed to complete the request. Moreover, HPNW asserts that while the court in *Hobbs* criticized Hobbs for adding the word "fully" in the statute, the *Hobbs* court then added the word "initially" before the word "respond" in its interpretation of the statute. Thus, HPNW argues that *Hobbs* is subject to the same criticism that the court directed at Hobbs.

However, the court in *Hobbs* held that an agency's response, providing a reasonable estimate of the time it will take to produce the first installment of records, was sufficient to comply with former RCW 42.56.520. 183 Wn. App. at 942. And *Hobbs* did not hold that the production of records in installments was the only way an agency could respond. *Id*. at 942-43. Instead, *Hobbs* held that the agency complied with the plain language of former RCW 42.56.520, which

8

"require[d] that the agency provide a reasonable estimate of the time required to respond to the request." 183 Wn. App. at 942. Therefore, we reject HPNW's argument that the court's interpretation in *Hobbs* added words to the statute and we continue to follow our decision in *Hobbs*.

Likewise, in *Hikel*, five days after a public records request was made, the agency acknowledged receipt of the request and asked for clarification. 197 Wn. App. at 370. Hikel argued that the agency violated the PRA because it did not provide him with a reasonable estimate of the time it would take to respond to the request. *Id.* at 372. The *Hikel* court concluded that "[a] response that does not either include access to the records or deny the request must contain the agency's estimate of the time it will take to respond." *Id.* at 373. The court held that the request for clarification was deficient because it did not contain a time estimate of when the agency would respond. *Id.* at 373-74. Furthermore, the court rejected Hikel's argument that the agency violated the PRA by not providing an estimate of when Hikel would receive all of the requested documents. *Id.* at 375-76. The court followed *Hobbs* and said that the requestor's interpretation would add language to the statute. *Id.* at 376.

After the *Hikel* decision, the legislature amended former RCW 42.56.520 and added a fifth option for how an agency may respond. LAWS OF 2017, ch. 303, § 3. The amended statute states that an agency may acknowledge that it has "received the request and ask[] the requestor to provide clarification for a request that is unclear, and provid[e], to the greatest extent possible, a reasonable estimate of the time the agency . . . will require to respond to the request if it is not clarified." RCW 42.56.520(1)(d). However, the legislature did not amend the statute to add that the agency must give an estimate of the time it would take to "fully" respond to the request.

We "presume[] that the legislature is aware of judicial interpretations of its enactments and takes its failure to amend a statute following a judicial decision interpreting that statute to indicate legislative acquiescence in that decision." *City of Federal Way v. Koenig*, 167 Wn.2d 341, 348, 217 P.3d 1172 (2009); *see State v. Ervin*, 169 Wn.2d 815, 826, 239 P.3d 354 (2010). Here, the legislative amendments made after *Hikel* favors the conclusion that the legislature did not intend to require that the agency provide a reasonable estimate of the time needed to fully respond to the request.

2. MODEL RULES

The legislature has directed the attorney general to adopt model rules on public records compliance. Former RCW 42.56.570(2) (2007). The attorney general's model rules for processing PRA requests are found in former WAC 44-14-04003 (2007). HPNW relies on former WAC 44-14-04003(4)(b) in support of its claim that an agency must provide a reasonable estimate of when it will "**fully** respond" to a request. Br. of Appellant at 19 (alteration in original). Former WAC 44-14-04003(4)(b) did, indeed, suggest that an agency should provide a reasonable estimate of the time it will require to "fully respond" to a PRA request:

> Within five business days of receiving a request, an agency must provide an initial response to requestor. The initial response must do one of four things:
> (a) Provide the record;
> (b) Acknowledge that the agency has received the request and provide a reasonable estimate of the time it will require to *fully* respond;
> (c) Seek a clarification of the request; or
> (d) Deny the request.

Former WAC 44-14-04003(4) (emphasis added).

Notably, former WAC 44-14-04003 was amended and the model rule now suggests that an agency should, in its initial response:

(a) Provide the record;
(b) Acknowledge that the agency has received the request and provide a reasonable estimate of the time it will require to *further* respond;
(c) Seek a clarification of the request and if unclear, provide to the greatest extent possible a reasonable estimate of time the agency will require to respond to the request if it is not clarified; or
(d) Deny the request. RCW 42.56.520. An agency's failure to provide an initial response is arguably a violation of the act.

WAC 44-14-04003(5) (emphasis added).

Further, "[t]he model rules, and the comments accompanying them, are advisory only and do not bind any agency." Former WAC 44-14-00003 (2006); *see Mitchell v. Dep't of Corr.*, 164 Wn. App. 597, 606, 277 P.3d 670 (2011). We additionally note that the attorney general's office has since amended former WAC 44-14-04003 and deleted the word "fully" and replaced it with "further," which supports the conclusion that an agency is not required to provide an estimate for the completed response to a request. Therefore, we do not rely on the model rules because they are advisory only. Former WAC 44-14-00003.

3. *PUBLIC RECORDS ACT DESKBOOK*

HPNW also relies on Washington's *Public Records Act Deskbook* guide to argue that former RCW 42.56.520 required an agency to provide a reasonable estimate of when it will fully respond to the request. The *Deskbook* states,

The agency must provide its initial response within five days. When the agency cannot complete its response within that five-day period and needs no clarification, the agency can take a "reasonable" amount of time to complete the request, but must provide this "reasonable" time estimate to the requestor.
. . . .
The reasonable time estimate should include both the date of the first installment, if there will be installments, and the date the agency estimates the request will be completed.

11

*Public Records Act Deskbook: Washington's Public Disclosure and Open Public Meetings Laws* § 6.5, at 6-22 (2d ed., 2014).

The guide suggests that an agency must provide two estimates: (1) the date of the first installment, and (2) the date the request will be completed. *Public Records Act Deskbook*, *supra*. However, the plain language of former RCW 42.56.520(3) requires only "a reasonable estimate of the time the agency . . . will require to respond to the request." It does not require two estimates. We do not follow the *Deskbook* because it is not binding authority and the *Deskbook*'s interpretation is not supported by the plain language of former RCW 42.56.520.

    4. LEGISLATIVE PURPOSE

HPNW argues that the legislature's purpose of ensuring that agencies provide "prompt" responses can only be served by a statutory construction requiring the agency to provide an estimate of the time required to produce *all* responsive records. We disagree.

Former RCW 42.56.550(3) required that courts "take into account the policy of [the PRA] that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." Former RCW 42.56.080 mandated that agencies, upon request, make public records "promptly" available. Former RCW 42.56.520(1) further provided that responses to requests "shall be made promptly by agencies."

HPNW relies on former RCW 42.56.550(2), which is a closely related statute that used the same language as former RCW 42.56.520(3) that states a "reasonable estimate of the time the agency . . . require[s] to respond to the request." Former RCW 42.56.550(2) provided,

    Upon the motion of any person who believes that an agency has not made a
    *reasonable estimate of the time that the agency requires to respond to a public*

*record request*, the superior court in the county in which a record is maintained may require the responsible agency to show that the estimate it provided is reasonable. The burden of proof shall be on the agency to show that the estimate it provided is reasonable.

(Emphasis added.)

HPNW argues that its construction of former RCW 42.56.520(3) as requiring the agency to provide an estimate of the time it requires to fully respond to the request harmonizes both former RCW 42.56.520(3) and former RCW 42.56.550(2). HPNW asserts that the legislature, through these two statutes, has required agencies to provide requestors with an estimate of the time it will take to fully respond to the request and has given court authority to review whether the agency's estimate of the time required to fully respond to the request is reasonable.

"As a policy matter, the purpose of the PRA is best served by communication between agencies and requesters." *Hobbs*, 183 Wn. App. at 941 n.12. The operative word in former RCW 42.56.550(2) is "reasonable" and not "prompt" or "immediate." Additionally, legislative amendments made to former RCW 42.56.520(2) following *Hikel* recognized that additional time may be required to respond to a request "based upon the need to clarify the intent of the request, to locate and assemble the information requested, to notify third persons or agencies affected by the request, or to determine whether any of the information requested is exempt and that a denial should be made as to all or part of the request." Therefore, we reject HPNW's arguments.

5. "JURISDICTIONAL" GAP

HPNW also argues that our interpretation in *Hobbs* results in a "'jurisdictional gap.'" Br. of Appellant at 24; Appellant's Reply Br. at 15. HPNW says that under our construction in *Hobbs*, the court has authority to review only the agency's estimate of the time the agency required to produce its *initial* installment of records. Therefore, HPNW argues that the courts then lose

jurisdiction under former RCW 42.56.550(2) to review the pace at which an agency is responding to a public records request because review is limited to the *initial* installment. HPNW claims that the courts reacquire jurisdiction only under former RCW 42.56.550(1) once the agency takes final agency action. We disagree because former RCW 42.56.550(2) allowed a requestor to challenge an agency's "estimate of the time that the agency requires to respond" in court and permitted courts to require an agency to show that its estimate was reasonable.

As an initial matter, we address the claim that the issue is one of "jurisdiction." HPNW used the term "jurisdiction" below, and the superior court adopted that framing by saying, "[T]he Court has no *jurisdiction* to compel the agency to provide such an estimate" in its written ruling. CP at 251 (emphasis added). However, HPNW has not shown that this issue is jurisdictional. "'Subject matter jurisdiction' refers to a court's ability to entertain a type of case, not to its authority to enter an order in a particular case." *In re the Marriage of Buecking*, 179 Wn.2d 438, 448, 316 P.3d 999 (2013). "[I]f a court can hear a particular class of case, then it has subject matter jurisdiction." *Id*.

HPNW's true complaint seems to be that the superior court, relying on *Hobbs*, held that it did not have the *authority* under former RCW 42.56.520(3) to compel the agency to provide an estimated date on which the PRA request would be fully completed. This argument is more fairly characterized as an error of statutory interpretation. That is not the same as the court lacking subject matter jurisdiction over actions brought under the PRA. It appears, rather, that the terms "jurisdiction" and "jurisdictional" were used improperly in the proceedings below. Therefore, we review this claimed error as one of statutory interpretation rather than one of jurisdiction.

The plain language of former RCW 42.56.550(2) did not limit a court to reviewing only an agency's initial estimate. Instead, it stated,

> Upon the motion of any person who believes that an agency has not made a reasonable estimate of the time that the agency requires to respond to a public record request, the superior court in the county in which a record is maintained may require the responsible agency to show that the estimate it provided is reasonable.

Former RCW 42.56.550(2).

The plain language of former RCW 42.56.550(2) applied to all time estimates and not just the estimate for the initial installment.[4]

Here, the superior court's conclusions of law show that it also recognized that "the agency conceded that the Court is entitled to review the diligence with which the agency is producing records in response to the public records request." CP at 249. The superior court concluded, "[T]hus far, the agency is acting diligently in response to Health Pros Northwest, Inc.'s public records request." *Id*. The court's oral ruling also suggested that the court considered the agency's entire response, including its response after the first installment. Thus, we hold that there is no "jurisdictional gap" created by interpreting former RCW 42.56.520(3) as not requiring an agency to give an estimate of the time it will need to fully respond to a PRA request.

In conclusion, we reject HPNW's arguments and hold that the superior court correctly applied former RCW 42.56.520(3) when it concluded that the DOC was not required to include an estimate of when it will fully respond to the request in its initial response to a PRA request. It is

---

[4] The DOC conceded during oral argument that the agency has to give an estimate for each installment. Wash. Court of Appeals oral argument, *Health Pros Northwest, Inc. v. State of Washington*, No. 52135-1-II (June 24, 2019), at 12 min., 6 sec.-51 sec. We do not address this further because it was not briefed by the parties or raised as an issue.

sufficient under the plain meaning of former RCW 42.56.520(3) for an agency to provide a reasonable estimate of the time it will take the agency to produce the first installment.

### III. NATURE OF THE DOC'S INITIAL RESPONSE

The DOC argues on cross appeal that the superior court erred in concluding that the DOC's initial response to HPNW's request violated former RCW 42.56.520(3). Here, the DOC responded to the request after five days by explaining, "[We] will respond further as to the status of your request within 45 business days, on or before April 20, 2017." CP at 25. In essence, the DOC issued a nonresponse. The "response" did not include a record, a web link to a record, an estimate of the time needed to produce the record, a request for clarification, or a denial of its obligation to produce the record. Based on the DOC's response, the DOC planned to provide one of those responses on April 20.

The DOC contends that agencies could comply with former RCW 42.56.520(3) by acknowledging the records request and providing a reasonable estimate of time that it needed to further respond to the request. The DOC believes that the superior court's interpretation of the statutory language was too narrow and ignores the other ways in which an agency may respond to a request. We conclude that the court did not err.

The DOC focuses on the meaning of the word "respond." Former RCW 42.56.520(3). The DOC contends that the word "respond" is a technical "term of art" in the PRA and asks that we not interpret "respond" based on its ordinary definition. "In general, words are given their ordinary meaning, but when technical terms and terms of art are used, we give these terms their technical meaning." *Swinomish Indian Tribal Cmty. v. Dep't of Ecology*, 178 Wn.2d 571, 581, 311 P.3d 6

(2013).  The dictionary defines "respond" as "to say something in return:  make an answer." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1935 (2002).[5]

The DOC fails to support its claim that "respond" is a technical term of art with any reasoned argument, and its claim is conclusory.  We decline the DOC's invitation to treat "respond" as a term of art and instead employ the ordinary meaning of the word, which is to "make an answer."  WEBSTER'S, *supra*.

The DOC also contends that by informing HPNW that it would "respond further" to the public record request "within 45 business days" without providing the record, denying the request, or providing a reasonable estimate of the time it would need to make an answer to the request, it nevertheless complied with former RCW 42.56.520.  CP at 25.  The DOC misreads former RCW 42.56.520.

As noted above, former RCW 42.56.520 required an agency, within five business days of receiving a public record request, to respond to the request by providing the record or denying the request.  *Hobbs*, 183 Wn. App. at 942.  The statute further provided that in the event an agency could not make an answer to the request within five business days by doing one of those two things, the agency could provide a reasonable estimate of the time it required to respond to the request.  Former RCW 42.56.520(3).  The DOC contends that when the legislature permitted an agency to provide a reasonable estimate of the time the agency required to respond to the request, the legislature did not intend that to mean a reasonable estimate of the time the agency required to either provide the record or deny the request.  Rather, the DOC claims that the statute permitted

---

[5] Later, in its reply brief, the DOC said that the ordinary dictionary definition of the word "respond" and the PRA use of the word "respond" as a term of art both support the DOC's interpretation.

an agency to provide an estimate of the time it would need to provide a *further estimate* of the time required to either provide the record or deny the request.

We disagree with the DOC. By either providing the records, providing an estimate of when the agency would provide records, or by denying the request, the agency makes an answer to the request. The DOC's interpretation of the word "respond," as allowing an agency to "respond" by saying it will respond to a request on a future specified date, is inconsistent with the plain meaning of the word "respond" because the agency is not providing an "answer" to the request.

In determining the plain meaning, we consider, in addition to its ordinary meaning, "'all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question.'" *Fisher*, 180 Wn.2d at 527 (quoting *Dep't of Ecology*, 146 Wn.2d at 11). Related statutes provided that responses to requests "shall be made promptly by agencies." Former 42.56.520; *see* former RCW 42.56.080. The DOC's interpretation of the word "respond" would be inconsistent with the statute and related statutes because it would allow the agency to indefinitely postpone providing records.

The DOC makes additional policy arguments that its interpretation of former RCW 42.56.520(3) makes practical sense. The DOC argues that for larger public record requests, the agency may need additional time to locate records or determine whether records are exempt. Thus, the DOC asserts that its interpretation of former RCW 42.56.520(3) gives agencies flexibility to determine the appropriate response but still puts requestors on notice of when they will next hear from the agency. The DOC additionally argues that under the superior court's interpretation, there is no way for an agency to comply with the statute if the agency does not know in five days whether or not it has responsive records.

We reject the DOC's public policy arguments because the agency's construction would allow the agency to indefinitely postpone requests by providing these nonresponsive responses. Thus, we hold that the agency's initial response did not comply with the plain language of former RCW 42.56.520(3). Under former RCW 42.56.520(3) an agency had to at least give an estimate of when the first installment would be provided. We affirm the ruling of the superior court.

## IV.  ATTORNEY FEES

HPNW argues that it is entitled to reasonable attorney fees and costs under former RCW 42.56.550(4) both before the superior court and on appeal.

RAP 18.1(a) allows attorney fees and costs on appeal if authorized by statute. Former RCW 42.56.550(4) allowed the prevailing party against an agency in any action seeking the right to inspect or copy a public record or receive a response to a public record request to be awarded costs and reasonable attorney fees. Because HPNW prevailed in part at the superior court level, we affirm the superior court's award of attorney fees and costs. However, because HPNW is not the prevailing party on appeal and because they did not request fees and costs as to the cross appeal, HPNW is not entitled to attorney fees and costs on appeal. *See Sanders v. State*, 169 Wn.2d 827, 871, 240 P.3d 120 (2010).

No. 52135-1-II

CONCLUSION

We hold that former RCW 42.56.520(3) does not require agencies to provide an estimate of when the agency expects to fully respond to a public records request. We also hold that the DOC violated former RCW 42.56.520(3) in its initial response to HPNW. Accordingly, we affirm the superior court.

_Cruser, J._
CRUSER, J.

We concur:

_Maxa, C.J._
MAXA, C.J.

_Lee, J._
LEE, J.

20