IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF: | ) | No. 82051-6-I |
| | ) | |
| ANTHONY B. LEITCH | ) | DIVISION ONE |
| | ) | |
| Deceased, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

ANDRUS, A.C.J. — Two years after the superior court admitted Anthony Leitch's last will and testament to probate, it entered an order approving the personal representative's final account and decree of distribution, thus closing the probate. Anthony's son, Andrew, appeals that order, claiming there were material issues to address before probate closed. We affirm.

## FACTS

Anthony B. Leitch died on June 17, 2018. Anthony's three children, Andrew Leitch, Kristi Leitch, and Stacy Miller,[1] were the beneficiaries of his will. Shortly after Anthony's death, Stacy filed a petition to admit his will to probate and to be appointed as personal representative of his estate. The court granted her petition.

Two years later, in February 2020, Stacy notified the court that she had completed the administration of the estate and it was ready to close. On March 19, 2020, Andrew filed a petition, requesting an order requiring Stacy to produce

---

[1] We refer to the parties by their first names for ease of reference and mean no disrespect.

a verified and detailed accounting of the estate and to obtain court approval for her fees and any fees to be paid to the estate's lawyers, appraisers, and accountants. Andrew's attorney at the time[2] filed a declaration stating that Andrew was concerned that Stacy had breached her fiduciary duty as personal representative through self-dealing and asserted that "[i]f the issues cannot be resolved amicably, Mr. Leitch intends to file a TEDRA[3] Petition."

On August 04, 2020, Stacy filed a petition for approval of her final account and for a decree of distribution. This petition included a complete accounting of funds received and disbursed in her handling of the estate. Stacy asked the court to approve the final accounting, approve the costs of administration, discharge her as personal representative, and close the estate.

Andrew opposed the petition, alleging that Stacy had engaged in misconduct and breached her fiduciary duties. Specifically, he alleged that Stacy had caused The Closet Guys, Inc.—a corporation owned by the estate—to pay her an excessive salary; had sold The Closet Guy's assets and inventory to her own company without obtaining a valuation of those assets; and had not accounted for nearly $20,000 in The Closet Guy's assets. Andrew provided no evidence supporting these allegations but indicated that they would "be further set forth and discussed in Respondent's forthcoming TEDRA Petition."

On August 18, 2020, the court dismissed Stacy's petition without prejudice because she had not followed the proper procedures under RCW 11.76.040 and

---

[2] Over the course of the probate, Andrew was represented by two separate law firms. The first withdrew from representation in August 2019, at which time he retained the second, who later withdrew in August 2020.

[3] Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW.

failed to appear for the hearing. Andrew appeared and indicated that he intended to file a TEDRA petition but computer issues had prevented him from doing so.

Stacy renoted her petition and on September 15, 2020, the court held another hearing. Andrew again told the court that he wanted to file a TEDRA petition, and that he had it "about 90 percent complete and would be ready to file it within the week." The court set the matter over for two weeks and told the parties it would proceed at the next hearing whether Andrew filed his TEDRA action or not, noting that it had not seen any support for his allegations against Stacy.

The court held a final hearing on September 29, 2020. When the commissioner inquired about Andrew's TEDRA petition, Andrew indicated he had filed it before the hearing started. The commissioner stated, "what I'm hearing is that you may or may not have filed that. But you have no causes—no cause number in this matter. And you have not otherwise presented a reason to the Court why the Court should not approve this order." Andrew explained that "it just got filed, like, in the last couple minutes."

The commissioner noted that the probate had been open more than two years, Andrew had been represented by two attorneys, and he had had "ample opportunity" to contest the closure of the estate. The commissioner then ruled

> I have reviewed the pleadings that have been provided. I've heard the argument of Counsel, and I've heard the argument of Mr. Leitch in this matter. The court is going to approve the final account in this matter and the decree of distribution. There simply seems to the Court to be no material issue left in this case that needed–needs to be addressed at this point. And if Mr. Leitch has filed a TEDRA action, that will continue. But as far as my review of this matter, I am going to approve the order in this case.

- 3 -

The commissioner signed an order approving Stacy's final accounting and entered a decree of distribution. Andrew now appeals.

ANALYSIS

Andrew argues the trial court erred in approving the final account and decree of distribution because he filed valid claims of misconduct against the personal representative. Because he failed to present competent evidence to justify keeping the probate open, the court did not abuse its discretion in approving the accounting and allowing the personal representative to close the estate.

"When an estate shall be ready to be closed, such personal representative shall make, verify, and file with the court his or her final report and petition for distribution." RCW 11.76.030. RCW 11.76.050, which governs the hearing of the final report and petition for distribution of an estate, provides that

> Any person interested may file objections to the said report and petition for distribution, or may appear at the time and place fixed for the hearing thereof and present his or her objections thereto. The court may take such testimony as to it appears proper or necessary to determine whether the estate is ready to be settled, and whether the transactions of the personal representative should be approved.

Under this statute, the trial court has the discretion to approve a personal representative's final report and to determine if an evidentiary hearing is necessary before doing so. See Freeman v. Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010) ("The term 'may' in a statute generally confers discretion."). Where the decision is a matter of discretion, we will not disturb it on appeal except on a clear showing that the decision was manifestly unreasonable, or was exercised on untenable grounds or for untenable reasons. Id.

Andrew has not demonstrated an abuse of discretion. In re Estate of Reese, No. 45405-0-II, slip op. (Wash. Ct. App. Nov. 13, 2014)[4] (unpublished), http://www.courts.wa.gov/opinions/., is illustrative here. In that case, Marie Reese died and left three beneficiaries to her estate, including Beverly Gessel. Reese, slip op. at 2. When the personal representative filed a petition for a decree of distribution, Gessel objected and asked the probate court to continue the matter and set an evidentiary hearing to determine the value of the estate property. Id. at 2-3. The court denied this request. Id. at 4.

Division Two of this court affirmed the decision because Gessel's objections lacked evidentiary support, despite the fact that Gessel had had eight months to provide it. Id. at 8. The court further noted that the trial court had no obligation to take testimony where Gessel did not provide any competent evidence that the property values were inaccurate and did not demonstrate that additional evidence was necessary. Id. Despite the seriousness of the allegations, Gessel's "unqualified and unsupported assertions were not enough to require the probate court to take such action." Id. at 9.

This case is analogous. Andrew first raised allegations against Stacy in March 2020 and repeated the allegations for months without filing a TEDRA petition or presenting the court with any competent evidence to raise a credible challenge to the administration of the estate. Andrew's only evidence came in the form of a lawyer's declaration which merely reiterated that Andrew had "serious concerns" about Stacy's conduct; this testimony does not amount to competent

---

[4] Under GR 14.1(c), we cite this case here because doing so is necessary to this reasoned decision.

evidence to create a material issue of fact. See Melville v. State, 115 Wn.2d 34, 36, 793 P.2d 952 (1990) (affidavit of party's lawyer is insufficient to create genuine issue of material fact under CR 56 when not based on personal knowledge).

Andrew argues the trial court erred in concluding that there were no material issues left to address because he filed his TEDRA petition before the hearing alleging that Stacy had engaged in self-dealing. But Andrew apparently waited until moments before the hearing to file the petition, could offer no cause number to prove he had in fact filed it, and presented no evidence to support the allegations. The court had no way to evaluate his allegations.[5]

Because Andrew failed to present the court with any credible evidence contradicting Stacy's report or otherwise challenging the final accounting, the probate court did not abuse its discretion in approving it and issuing a decree of distribution.[6]

We affirm.

_Andrus, A.C.J._

WE CONCUR:

_Mann, C.J._     _Verellen, J._

---

[5] To prove Andrew had filed a TEDRA petition, he designated for our consideration a document entitled "TEDRA Petition for Breach of Fiduciary Duty, Removal of Personal Representative, Conversion of Estate Assets, For Attorneys' Fees Under RCW 11.96A.150, and to Strike the Petition for Order Approving Final Account and Decree of Distribution Pursuant to RCW 11.68.110." The TEDRA petition, with cause no. 20-4-01517-31, bears a date and time stamp of September 29, 2020, at 1:51 p.m. But it appears this document was not in the record before that court. We therefore will not consider it in evaluating the trial court's action. See Wash. Fed'n of State Emps v. Office of Fin. Mgmt., 121 Wn.2d 152, 156–57, 849 P.2d 1201 (1993) (we only consider evidence called to the attention of the trial court.)

[6] Andrew requests an award of attorney fees. He is self-represented and is not the prevailing party. Self-represented litigants are generally not entitled to attorney fees for their work representing themselves. Mitchell v. Wash. State Dept. of Corrs., 164 Wn. App. 597, 608, 277 P.3d 670 (2011). We deny the request for attorney fees on appeal.