# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WASHINGTON STATE TREE FRUIT ASSOCIATION, | No. 58341-1-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, EMPLOYMENT SECURITY DEPARTMENT, | |
| Respondent. | |

CHE, J. — Washington State Tree Fruit Association ("the Association") appeals an order dismissing its case brought under the Public Records Act (PRA), chapter 42.56 RCW. The Association submitted a PRA request to the State of Washington Employment Security Department ("the Department") seeking information related to a lawsuit in federal court in which the Department is a party. Subsequently, the Association filed the complaint in this case, alleging that the Department had violated the PRA by improperly withholding records due to improper redactions and by not producing the records within a reasonable time.

The trial court granted partial summary judgment against the Association, dismissing the improper withholding claim without prejudice. The trial court subsequently dismissed the remaining PRA claim. The Association appeals, arguing, among other things, that the improper withholding claim is distinct from its improper redaction claim, and the trial court did not dismiss the improper redaction claim in its summary judgment order.

We affirm the trial court's written partial summary judgment order that disposed of the improper withholding claim without prejudice, which includes the claim that the Department

made improper redactions. We decline to review the Association's reasonable production time argument because it is insufficiently briefed.

FACTS

On March 2, 2022, the Association submitted a PRA request to the Department seeking information related to a lawsuit in federal court in which the Department is a party, including records regarding changes in the methodology used to calculate the prevailing wage rate for Washington agricultural workers. A week later, the Department responded that it would have an installment of responsive documents ready by April 5. The installment, however, was not provided on that date.

On June 7, the Association inquired as to the status of the installment. The Department responded that they would provide an installment by June 17. After not receiving the installment, the Association again inquired about it, and the Department said it would be provided by June 30. On June 30, the Association again inquired about the installment, and the Department said it would be provided by July 11. On July 13, the Department notified the Association that an installment was available on compact disk, which the Association paid for. On July 21, the Association received roughly 1,000 pages of heavily redacted documents; the redactions were marked with "ACP".

In a letter, the Department explained that "ACP" meant that the basis of the exemption was a sealed order from the federal lawsuit. On August 2, the Association asked for clarification on the redactions. On August 4, the Department clarified that ACP stood for "Attorney-Client Privilege" between the Department and the State Attorney General's Office. That same day, the Department also informed the Association that it "would not rescind redactions on previously

provided records as we produce records based on current exemption requirements. If something were to change in the future, and a new public records request was made, then those records would be produced and redacted per those current circumstances or legal standings." Clerk's Papers (CP) at 84.

In a declaration filed in response to the Association's PRA suit, the public records manager for the Department explained the Department's delay in responding to the Association's PRA request was due to issues with its electronic discovery software malfunctioning.[1] "At various times [the Department] believed that the software had been fixed, only to discover that the software was producing errors in other areas." CP at 162.

The public records manager further stated that the Department "receives and processes more than 100,000 requests for records" annually. CP at 158. The public record manager also stated that the Department records are subject to a variety of privacy requirements from the state and federal governments, and that the Association's request was broad and involved consultations with subject matter experts and legal counsel to comply with confidentiality requirements. After the July 21 production, the Department continued producing responsive records in installments as it "identified potentially 20,000 responsive documents."[2] CP at 162.

In September 2022, the Association filed a complaint alleging that the Department wrongfully withheld the requested records and did not produce the requested records in a timely

---

[1] It is best practice to keep the PRA requester apprised of the reasons for a delay in producing the requested records.

[2] Eventually, the Department apparently provided unredacted versions of the requested records. *See* Br. of Appellant at 14, 19.

manner as required by statute. In November 2022, the Department moved for partial summary judgment, arguing that the improper withholding claim was premature because the Department was continuing to produce responsive records. The Association cross-moved for partial summary judgment. The trial court granted the Department's motion and denied the Association's motion.[3]

> In its oral ruling, the court stated,
>
> [W]hen installments are continuing to be provided and the agency is not completed with its response, it is premature to make a claim that all documents have not been responded to. But it is not premature to make a claim that the estimate of time is not reasonable, that the timeliness of the response or even perhaps particular exemptions that are claimed. There may be a situation where a particular response could be changed even though the allegation of all responsive records haven't been provided is premature.
>
> So the court is granting the motion only as to the claim that the agency has not provided responsive records. That claim is premature based upon the *Hobbs* case, but it appears to me that there are claims that are appropriate that remain.
>
> . . . .
>
> I want to make clear that the language toward the bottom of page two [in the written order] is clear in terms of the court's ruling, that it only relates to a claim that all documents have not been produced but other claims might remain.

CP at 388, 390.

At the summary judgment hearing, the Association stated that the improper redaction allegation was part of the improper withholding claim: "we think that the redactions are a failure to produce the records." CP at 385.

---

[3] After a hearing where the court stated that the partial summary judgment order dismissed the improper withholding claim based on the improper redactions, the Association sought review of the partial summary judgment order. But the Association voluntarily withdrew that appeal.

The written partial summary judgment order provided that the Association's improper withholding claim is dismissed without prejudice. The Association moved for clarification regarding the scope of the partial summary judgment, arguing that the dismissal of the improper withholding claim did not dismiss the Association's claim that the Department made improper redactions. In making this argument, the Association relied extensively on the judge's comments at the partial summary judgment hearing. The trial court denied the motion.

In June 2023, after a hearing on the merits of the PRA claim, the trial court ruled that the Department, given the complexity and volume of the request and the Department's electronic search software malfunction, (1) provided a reasonable time estimate for production of the first installment and (2) produced the first installment of records in a reasonable time. To that end, the PRA order included unchallenged findings that the Department's electronic search software was malfunctioning, the Department began working with a software vendor to repair the search functionality, and the Department revised its production estimates several times with the Association. The trial court did not specifically address the Association's improper redaction allegation in the PRA order.

The Association appeals both the partial summary judgment order and the PRA order.

ANALYSIS

I. INTERPRETATION OF THE WRITTEN PARTIAL SUMMARY JUDGMENT ORDER

The Association filed a notice of appeal regarding the partial summary judgment order. But the Association did not assign error to the partial summary judgment. And in its reply brief, the Association stated, "To be clear, [the Association] does not believe that the trial court erred in its ruling on summary judgment, but rather that the subsequent trial judge erred in failing to

include the issue of 'particular exemptions' or 'particular responses' in the merits hearing."

Reply Br. of Appellant at 3. Thus, it appears that the Association is arguing that the trial court

erred in interpreting the summary judgment order as dismissing without prejudice its improper

redaction claim, which, the Association argues, is distinct from its improper withholding claim.

"The PRA is a 'strongly worded mandate for broad disclosure of public records.'"

*Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013)

(quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). A party may bring a

cause of action under the Public Records Act when (1) an agency wrongfully denies "an

opportunity to inspect or copy a public record by an agency," or (2) an agency "has not made a

reasonable estimate of the time that the agency requires to respond to a public record request."

RCW 42.56.550(1)-(2).

"The interpretation of a court order is a question of law, which we review de novo."

*State v. Ayala-Pineda*, 23 Wn. App. 2d 863, 870, 520 P.3d 463 (2022). "If an order is

unambiguous, we interpret it as written." *Id*. A written order controls the scope of the court's

ruling when it conflicts with the court's earlier oral ruling. *Pham v. Corbett*, 187 Wn. App. 816,

831, 351 P.3d 214 (2015).

Here, the Association brought two claims in this action: that the Department improperly

withheld responsive records and that the Department failed to timely respond to the PRA request.

The trial court dismissed the Association's "claim for improper withholding of records . . .

without prejudice." CP at 334 (boldface and capitalization omitted).

The Association appears to argue that it should be able to proceed with its improper

redaction claim because of ambiguity in the judge's oral comments from the summary judgment

hearing.  But, at the summary judgment hearing, the Association stated that its improper redaction claim was a failure to produce records claim.

The partial summary judgment order unambiguously disposes of the improper withholding claim.  And the written order controls over any conflict with the trial court's oral ruling.  *Pham*, 187 Wn. App. at 831.  Thus, the improper redaction allegation was disposed of as part of the improper withholding claim; as the Association expressly stated, "the redactions are a failure to produce the records."  CP at 385.  Therefore, the only claim left in the complaint is the timeliness claim, which is unrelated to the improper withholding/redaction allegation.  The trial court's comments at the summary judgment hearing cannot add a new claim to the complaint based on improper redactions, and, representation to the trial court.  *See Id*.

The partial summary judgment order disposed of the improper withholding/redaction allegation without prejudice.  "To be clear, [the Association] does not believe that the trial court erred in its ruling on summary judgment."  Reply Br. of Appellant at 3.  Thus, the Association's argument that it should be allowed to proceed with its improper redaction claim fails.

## II.  REASONABLE PRODUCTION TIME

The Association argues that the Department violated the PRA by failing to produce the unredacted records within a reasonable time.  The only reference to this argument in the Department's brief is that "[the Department] produced unredacted emails seven months later, after suit was filed and just prior to the hearing on the merits."  Br. of Appellant at 18.  The Department argues that the Association does not provide meaningful argument on this point.  We agree with the Department.

Unchallenged findings of fact are treated as verities on appeal. *Real Carriage Door Co. v. Rees*, 17 Wn. App. 2d 449, 457, 486 P.3d 955 (2021). RAP 10.3(a)(6) provides that the brief of the appellant should contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." We are not required to "'consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis.'" *Paddock v. Port of Tacoma*, 27 Wn. App. 2d 132, 150-51, 531 P.3d 278 (2023) (quoting *Cook v. Brateng*, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010)).

The Association included a section in their brief titled, "Eventual disclosure is not reasonable disclosure." Br. of Appellant at 17 (boldface omitted). The analysis in this section states, "[the Department] does not provide an explanation for the delay in producing the unredacted documents. [The Department's] delay in prov[id]ing the records [] is not reasonable." Br. of Appellant at 19.

The PRA order included three unchallenged findings: the Department's electronic search software was malfunctioning; the Department began working with a software vendor to repair the search functionality; and the Department revised its production estimates several times with the Association. The trial court found that the Department gave a reasonable time estimate for production of the first installment.

The Association does not challenge either the first installment or any of the aforementioned findings. Instead, the Association's fleeting argument appears to be based on the lack of explanation for the delay in producing unredacted records. The Association does not substantively develop an argument regarding whether the first installment, or any other installments, were not produced in a reasonable time frame.

The Association does not cite the record in regard to which unredacted records it is discussing. Nor does the Association develop an argument that the Department's time estimates for production of responsive records were unreasonable. Thus, the Association has failed to provide meaningful argument on this point, and we decline to review it under RAP 10.3(a)(6).[4]

### III. APPELLATE FEES AND COSTS

The Association requests an award of reasonable attorney fees on appeal for being the prevailing party in a PRA action. The Association further requests that we remand to the trial court for a determination of penalties and fees. The Department requests statutory attorney fees of $200 and costs under RAP 14.3.

We may award reasonable attorney fees or expenses if applicable law grants a right to such recovery and the party properly requests it. RAP 18.1(a)-(b). RCW 42.56.550(4) provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

Because the Association did not prevail against the Department, we decline their request for attorney fees.

---

[4] The Association also argues that the Department's actions constitute a final agency action, a prerequisite to obtaining penalties under the PRA. *Hikel v. City of Lynnwood*, 197 Wn. App. 366, 379, 389 P.3d 677 (2016). The Association had only two claims under the PRA, the improper withholding claim and the untimely production claim. Both of these claims fail for these reasons discussed above. We do not address whether those claims also fail for not being based on a final agency action.

No. 58341-1-II

"Under RAP 14.2 and RAP 14.3(a), the substantially prevailing party may be awarded statutory attorney fees and certain reasonable expenses actually incurred such as the costs for preparing the report of proceedings, the clerk's papers, and the briefs." *In re Pers. Restraint Bailey*, 162 Wn. App. 215, 219, 252 P.3d 924 (2011); *see also* RCW 4.84.080(2). The Department, as the prevailing party, may recover its costs allowed under RAP 14.3(a) and statutory attorney fees.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Cruser, C.J.

10